```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2021
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIZEN ONE, INC. d/b/a CITIZEN CHANGE and CE TRADEMARK, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GBG SEAN JOHN LLC, <br><br> Defendant. | Civ. Action No. 1:21-cv-01199 <br><br> **STIPULATED PROTECTIVE ORDER** |

WHEREAS, Plaintiffs Citizen One, Inc. d/b/a Citizen Change and CE Trademark, LLC (collectively, "Plaintiffs") and Defendant GBG Sean John LLC ("GBG") (collectively for purposes of this document, the "Parties" or individually a "Party") stipulate and agree, and request that this Court enter, the following Stipulated Protective Order (the "Order") in the above-captioned action, pursuant to Federal Rule of Civil Procedure 26(c), to protect the confidentiality of certain non-public and confidential materials that will be exchanged pursuant to, and during the course of, discovery in this action;

WHEREAS, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protections it affords only extend to the limited materials that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action, their representatives, agents, experts, and consultants – shall adhere to the following terms:

1. The Parties or any third party to this litigation may designate, in the manner set forth by, and permitted in, this Order, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" any document, testimony, information, or other material(s) produced by them in the course of the litigation (the "Protected Materials"). The Parties acknowledge and understand that the purpose of this Order is to protect confidential Protected Materials from access by the public, and that Protected Materials designated by the Parties as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be designated as such only where access to those Protected Materials by persons not encompassed by Paragraph 8 will potentially result in competitive harm. The "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation shall not be applied to the entirety of a document unless the majority of the Protected Material at issue is "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

  (a) Protected Materials designated as "CONFIDENTIAL" shall be limited to those portion(s) of materials that the designating Party reasonably and in good faith believes constitute matter used by it in or pertaining to its business that has not been previously disclosed, is not generally known, and that the designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, but not limited to: (i) information regarding the Party's business affairs, technology, processes, plans or installations, product information or know-how, marketing information, personal or business information that would provide others with an unfair competitive or improper advantage; (ii) any information of a

personal, private, or intimate nature regarding an individual; and (iii) information concerning the ownership or control of any non-public company. The categories of Protected Materials listed in this Paragraph are for illustrative purposes only and are not exhaustive of the categories of Protected Materials the Parties may designate as "CONFIDENTIAL" under this Order.

(b) Protected Materials designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be limited to those portion(s) of materials that the designating Party reasonably and in good faith believes constitute (i) trade secrets; (ii) operating, management, or other proprietary agreements; (iii) business financial records or projections; (iv) technical specifications; (v) confidential strategic business plans and projections; (vi) employee information; (vii) research and development information; or (viii) information that is subject to an express obligation of confidentiality owed by the designating Party to a third party. The categories of Protected Materials listed in this Paragraph are for illustrative purposes only and are not exhaustive of the categories of Protected Materials the Parties may designate as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" under this Order.

2. Any Protected Materials may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page of the document, or by identifying such Protected Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" contemporaneously with, or within ten (10) days of, their production, in a written notice to the Party or Parties receiving the Protected Materials.

3. Testimony given at a deposition or hearing and the resulting transcript may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" contemporaneously or, within thirty (30) days after receipt of a copy of the transcript, by advising the other Parties to the litigation and the court reporter, in writing, of the specific page

and line numbers designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Pages of transcribed testimony or exhibits designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be separately bound by the court reporter. All copies of deposition transcripts that contain Protected Materials shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as appropriate, on the cover of the deposition transcript. Documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and used as exhibits to a deposition, along with the witness's testimony regarding such Protected Materials, shall automatically be considered Protected Materials without any further action on the part of any Party.

4. The restrictions in this Order concerning the disclosure of Protected Materials shall not apply to documents and other information that have been made available to the public or obtained by the receiving Party through sources other than from the designating Party in this litigation, Combs Enterprises, or GBG USA Inc. However, nothing contained in this Order shall be deemed a limitation on any Party to this litigation seeking a protective order regarding any Protected Materials produced by any Party other than the designating Party or non-public documents obtained from any other source.

5. Any Party may challenge the designation of any Protected Materials by filing a motion with the Court, with said Protected Materials treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" until such time as the Court makes a determination with regard to the confidentiality of the Protected Materials. The producing Party shall have the burden of demonstrating to the Court that the Protected Materials are properly designated. Prior to filing a motion challenging the designation of any Protected Materials, the Parties must

participate in a pre-motion telephone conference and confer in good faith to resolve the dispute without intervention of the Court. No Party concedes that any Protected Materials designated as such pursuant to this Order contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information or that such Protected Materials have been properly designated. Further, no Party shall be obligated to challenge the propriety of the designation of any document or information at the time such designation is made, or at any other time, and any failure to do so shall not preclude a subsequent challenge.

6. All Protected Materials shall be used only for purposes of the above-captioned litigation and for no other purpose.

7. Protected Materials designated as "CONFIDENTIAL" shall not be disclosed to anyone other than the following persons:

(a) Counsel representing any Party to this litigation, including in-house counsel for the Parties, and any other legal staff personnel who are employed or hired by any Party or its counsel (e.g., paralegals, clerical staff, other assistants);

(b) For Plaintiffs, in the absence of in-house counsel, Tarik Brooks,[1] who has been designated by Plaintiffs to oversee and direct the work of Plaintiffs' outside counsel (in the event Tarik Brooks becomes unavailable as a result of termination of employment, illness, or death, Plaintiffs will be permitted to designate a new individual, provided that GBG consents to such new individual in writing, which consent will not be unreasonably withheld);

---

[1] Tarik Brooks is the President of Combs Enterprises and is not an attorney. In light of this arrangement between the Parties, Mr. Brooks will be furnished as a witness in his representative capacity for Plaintiffs and in his individual capacity, based on his personal knowledge of information, facts, and other matters relevant to the claims at issue in this litigation, such that GBG will be permitted to depose him and to obtain Plaintiffs' documents in his possession, custody, or control, upon notice alone, without the need for a subpoena.

5

(c) Outside vendors and/or service providers hired by any Party or its counsel for purposes of this litigation (e.g., copy services providers, document management providers, electronic discovery consultants and service providers, graphic production services, and other litigation support service providers) and their employees or agents;

(d) Independent outside experts, consultants, their staff, and other persons assisting such experts to whom such experts consider it necessary to disclose Protected Materials for the purpose of this litigation;

(e) The Parties to this litigation and their current principals, managers, members, officers, agents, and employees of a Party who are actively involved in prosecuting or defending the litigation on behalf of such Party;

(f) Persons who previously authored the specific Protected Materials and/or who were a recipient or otherwise authorized to receive a copy of the specific Protected Materials;

(g) Witnesses at depositions, if the witness is or was a principal, manager, member, officer, agent, or employee of the producing Party;

(h) Court officials and personnel involved in this litigation, including court staff, court reporters, and persons operating video recording equipment at depositions and hearings; and

(i) Any other person who is approved by subsequent written agreement of the Parties or order of the Court.

8. Protected Materials designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than the persons described in Paragraphs 7(a)-(d) and (f)-(i) above.

9. Prior to disclosing any Protected Materials to any person described in Paragraphs 7(b), 7(d), or 7(i), or to any in-house counsel for GBG under Paragraph 7(a), counsel for the disclosing Party must provide a copy of this Order to that person. The receiving person must agree to be bound by the terms of this Order and must execute the Confidentiality Agreement attached as **Exhibit A** to this Order. Counsel for the disclosing Party must maintain the signed originals of all such Confidentiality Agreements. The administrative and clerical staff of a person who executes a Confidentiality Agreement in accordance with this Paragraph shall be deemed to have signed the Confidentiality Agreement when the person supervising such individuals has executed it.

10. In the event that counsel for any Party to this litigation files with, or submits (including courtesy copies of said filings or submissions) to, the Court any Protected Materials (by way of pleadings, motions, briefs, or any other papers containing or making reference to Protected Materials), the Party seeking to file the Protected Materials shall do so pursuant to Paragraph II.G. of this Court's Individual Practices, and shall the same day email a copy of all Protected Materials so filed, unredacted, to counsel of record for the designating Party.

11. Subject to the Court's permission and authorization, Protected Materials shall be filed under seal, maintained by the Clerk of Court separate from the public record in this litigation, and released only upon further order of the Court.

12. To the extent that any discovery is taken of any person who is not a party to this litigation ("Third Party"), and in the event such Third Party or any Party contends that the discovery sought involves Protected Materials or other confidential information, then such Third Party may, by executing the Confidentiality Agreement attached as **Exhibit B**, join in and be bound by this Stipulated Protective Order. If the Third Party agrees, in writing, to join in and be bound

by this Order, then such Third Party's Protected Materials and other confidential information shall be protected by this Order.

13. If any Protected Materials in the possession, custody, or control of a receiving Party (as a result of the production of these Protected Materials by a producing Party within the scope of this litigation) are sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving Party to whom the process or discovery request is directed shall, within five (5) business days after receipt thereof, give written notice of such process or discovery request, together with a copy thereof, to counsel for the designating Party. The designating Party may move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the Protected Materials. If the designating Party objects or moves against the subpoena or other process, the Party receiving the subpoena or process shall not produce the Protected Materials before the actual due date for compliance, and shall not object to or interfere with any effort by the designating Party to seek a prompt judicial determination of the designating Party's motion or objection before compliance is required.

14. Protected Materials may be used in a filing before any special discovery master in accordance with the preferences of that special discovery master.

15. Protected Materials may be offered into evidence at trial or at any hearing. The Parties agree to jointly request that the Court establish procedures to protect such Protected Materials at trial or hearing before any such trial or hearing has begun.

16. Unless otherwise specifically agreed to in this Order, nothing in this Order shall change the discovery obligations provided for in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of New York.

17. Counsel are required to exert reasonable efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials or information. The inadvertent production of any information, document, or thing will be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity, and shall not constitute a waiver of that privilege or protection. In the event a Party sends written notice to another Party that materials subject to a claim of privilege (*e.g.*, attorney-client privilege or work product immunity) were inadvertently produced, the receiving Party or Parties shall return, sequester, or destroy such materials (and take reasonable action to retrieve such materials from third parties for return, sequester, or destruction), together with all copies thereof, within five (5) business days. Nothing in this provision shall waive or limit any Party's obligations under Fed. R. Civ. P. 26(b)(5)(B).

18. In the event any Party produces Protected Materials that it inadvertently fails to designate as such at the time of production, it may thereafter serve notice on all Parties of the confidential nature of such Protected Materials, which materials will thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to the terms of this Order. The inadvertent or unintentional production of Protected Materials without being designated as such in accordance with this Order at the time of production or disclosure will not be deemed a waiver in whole or in part of a producing Party's claim of confidentiality as to the specific Protected Materials disclosed.

19. Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Protected Materials to any person not authorized to receive such Protected Materials under the terms of this Order. If any Party learns of any such inadvertent disclosure of Protected Materials, the Party's counsel shall attempt to obtain all copies of the inadvertently-disclosed Protected Materials and shall inform the Party that made the confidentiality designation promptly (but no later than five (5) business days after discovery) of the disclosure and the circumstances surrounding the disclosure. Protected Materials shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Protected Materials will be unlikely to obtain access to them.

20. Nothing in this Order shall be deemed to prevent a Party from disclosing its own Protected Materials as it sees fit. Any use or discussion of such Protected Materials shall not be deemed a waiver of the terms of this Order.

21. Nothing in this Order shall prevent or otherwise restrict counsel for any Party from rendering advice to that Party within the scope of this litigation, relying on counsel's examination of Protected Materials, whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," provided, however, that in rendering such advice or otherwise communicating with such Party or its representative, counsel shall not make any specific disclosures of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Protected Materials, except as permitted pursuant to Paragraphs 7 and 8.

22. Within sixty (60) days after the entry of final judgment from which no appeal has been or can be taken, the settlement of all claims asserted by any Party, or the dismissal of all claims asserted in this litigation, the Parties shall make reasonable efforts to return all Protected Materials subject to this Order to the producing Party or certify that reasonable efforts have been

taken to ensure that all Protected Materials have been destroyed. Outside counsel for the Parties may retain archive copies of pleadings, motions, written discovery, deposition transcripts, transcripts of hearings or trial, and all exhibits marked at a deposition or offered at trial. Further, nothing in this Paragraph shall be construed to require counsel for the Parties to search for or remove data from routine systems in place to backup and preserve electronic data, including but not limited to email communications.

23. The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the Parties, approved by order of the Court. In addition, a Party may at any time apply to the Court for modification of this Order. Nothing in this Order shall constitute (a) any agreement to produce in discovery any testimony, document, or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document, or information.

24. Protected Materials produced by the Parties and designated as such before this Order is signed by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been signed by the Court as of the date such Protected Materials were produced.

25. The confidentiality obligations imposed by this Order shall remain in effect until the producing Party agrees otherwise in writing, or a Court order otherwise directs.

SO ORDERED this 22nd day of June 2021.

_____
JAMES L. COTT
United States Magistrate Judge

Stipulated and respectfully submitted on June 21, 2021 by:

| | |
|---|---|
| */s/ Derek A. Williams* | */s/ Sabina A. Vayner* |
| Jonathan D. Davis | Rose Cordero Prey (Bar No. 886449) |
| Derek A. Williams | **GREENBERG TRAURIG, LLP** |
| **JONATHAN D. DAVIS, P.C.** | 200 Park Avenue |
| 10 Rockefeller Plaza | New York, New York 10166 |
| Suite 1015 | Telephone: (212) 801-9200 |
| New York, New York | Facsimile: (212) 801-6400 |
| Telephone: (212) 687-5464 | Email: *PreyR@gtlaw.com* |
| Facsimile: (212) 697-2521 | |
| Email: *jdd@jddavispc.com* | Sabina A. Vayner (admitted *pro hac vice*) |
|      *daw@jddavispc.com* | **GREENBERG TRAURIG, LLP** |
| | 3333 Piedmont Road NE, Suite 2500 |
| *Attorneys for Plaintiffs* | Terminus 200 |
| *Citizen One, Inc. d/b/a Citizen Change* | Atlanta, Georgia 30305 |
| *and CE Trademark, LLC* | Telephone: (678) 553-2409 |
| | Facsimile: (678) 553-2256 |
| | Email: *VaynerS@gtlaw.com* |
| | |
| | *Attorneys for Defendant GBG Sean John LLC* |

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITIZEN ONE, INC. d/b/a CITIZEN CHANGE and CE TRADEMARK, LLC, ) ) ) Plaintiffs, ) ) v. ) ) GBG SEAN JOHN LLC, ) ) Defendant. ) | Civ. Action No. 1:21-cv-01199 <br><br> **CONFIDENTIALITY** <br> **AGREEMENT** |

I hereby acknowledge that I received and read the Stipulated Protective Order entered by the Court in the above-captioned action (the "Order"). I affirm that I understand the terms of the Order, and I agree to be bound by such terms, including specifically as to the use and confidentiality of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" documents and information.

I further acknowledge and affirm that:

1. Protected Materials, as that term is defined in the Order, may be provided to me in connection with this litigation.

2. I submit to the continuing jurisdiction of this Court over my person, wherever I shall be, for enforcement of the Order, and agree to be subject to, and bound by, all applicable laws.

3. I agree not to use any Protected Materials disclosed to me pursuant to the Order for any purpose other than to provide assistance or review of the above-captioned litigation or settlement thereof, and I agree not to disclose any such Protected Materials to persons other than those specifically authorized by the Order, without the express written consent of the Party who designated such Protected Materials as being confidential or by order of this Court. I also agree to

notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Order.

    4.    I understand that I am to retain all Protected Materials in strict confidence and in a secure manner, and that all such Protected Materials are to remain in my personal custody until the completion of my assigned duties in this litigation, whereupon all such Protected Materials, including all copies thereof, and any writings prepared by me containing any Protected Materials, are to be returned to counsel who provided me with such Protected Materials or destroyed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Signature: _____

    Name: _____

    Title: _____

    Company: _____

    Date: _____

# **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITIZEN ONE, INC. d/b/a CITIZEN CHANGE and CE TRADEMARK, LLC,   )<br>  )<br>Plaintiffs,   )<br>  )<br>v.   )<br>  )<br>GBG SEAN JOHN LLC,   )<br>  )<br>Defendant.   ) | Civ. Action No. 1:21-cv-01199<br><br>**CONFIDENTIALITY AGREEMENT** |

I hereby acknowledge that I received and read the Stipulated Protective Order entered by the Court in the above-captioned action (the "Order"), and that I am one of the persons described in Paragraph 12 of the Order. I further acknowledge and affirm that:

1. I am [title] of [Third Party], and I have the authority to bind [Third Party].

2. [Third Party's] address is _____.

3. On behalf of [Third Party], I have read and understand the contents of the Order. [Third Party] is a Third Party as described in Paragraph 12 of the Order, and I am executing this Confidentiality Agreement and agreeing on behalf of [Third Party] to be bound by its terms to ensure that [Third Party's] Protected Materials are protected by the Order.

4. [Third Party] agrees to join in and be bound by the Order.

5. [Third Party] subjects itself to the continuing jurisdiction of the Court over its person, wherever it shall be, for the enforcement of the Order and agrees to be subject to, and bound by, all applicable laws.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

Name: _____

Title: _____

Company: _____

Date: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITIZEN ONE, INC. d/b/a CITIZEN CHANGE and CE TRADEMARK, LLC,  ) ) ) | Civ. Action No. 1:21-cv-01199 |
| Plaintiffs, ) ) | **CERTIFICATE OF SERVICE** |
| v. ) ) | |
| GBG SEAN JOHN LLC, ) ) | |
| Defendant. ) | |

The undersigned certifies that a true and correct copy of the foregoing **[Proposed] Stipulated Protective Order** was filed electronically using the CM/ECF system on June 21, 2021, which will automatically notify and effect service on all attorneys of record, who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Sabina A. Vayner*
Sabina A. Vayner (admitted *pro hac vice*)
*Attorney for Defendant GBG Sean John LLC*